# EXHIBIT A

NOV 1 5 2016

BOARD OF SEL         N
TOWN OF ABINGTON

## Commonwealth of Massachusetts

PLYMOUTH, ss.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. *16 CU 0080*

*Alfred Clapper*

PLAINTIFF(S),

v.

*Town of Abington*, DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO *The Town of Abington, Ma.* (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the *Plymouth Superior* Court. YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

1. You must respond to this lawsuit in writing within 20 days. If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. How to Respond. To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

a. Filing your signed original response with the Clerk's Office for Civil Business, Plymouth Superior Court, 72 Belmont Street, Brockton, MA 02301, by mail or in person, AND

b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: *Dharlow LLP One Constitution Ctr Charlestown Ma. 02129*.

3. What to include in your response. An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. Legal Assistance. You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. Required information on all filings: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____.

_____
Clerk of Courts

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20____, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____

_____

_____

Dated: _____, 20____    Signature: _____

N.B. TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.                                                          TRIAL COURT DEPT.
                                                                      SUPERIOR COURT

                                                                      DOCKET NO. 16CV00812

---

ALFRED GIANNINI, JR.,
    PLAINTIFF,


v.


TOWN OF ABINGTON;
RICHARD GAMBINO in his individual capacity,
    DEFENDANTS.

**COMPLAINT
AND DEMAND
FOR JURY TRIAL**

---

## INTRODUCTION

1.    This is a civil rights action against Abington Police Officer Richard Gambino for using unreasonable and excessive force when he shot an unarmed suspect in the chest from close range following a police pursuit. Mr. Giannini was put into a medically-induced coma following the shooting and spent weeks inpatient at the hospital recovering from his injuries, including the partial loss of his right lung. In addition to his physical injuries, the unreasonable force caused Plaintiff severe emotional distress.

## JURISDICTION AND VENUE

2.    This action arises, in part, under the Massachusetts Tort Claims Act, M.G.L. c. 258; Massachusetts Common Law; the Fourth and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. §1983. Jurisdiction and venue in the Superior Court of Plymouth County are proper pursuant to M.G. L. c. 258 §3.

## PARTIES

3.     Plaintiff **ALFRED GIANNINI** is a citizen of the United States and is presently

an incarcerated at Souza-Baronowski Correctional Center in Shirley, Massachusetts.

4.     Defendant **TOWN OF ABINGTON** is a Massachusetts municipality located in

Plymouth County and was, at all times relevant to this complaint, the public employer of

Defendants Gambino and Cutter.

5.     Defendant **RICHARD GAMBINO** was at all times relevant to this complaint a

police officer with the rank of sergeant in the Town of Abington Police Department. He is sued

in his individual capacity.

## FACTS

6.     On August 21, 2013, Defendant Gambino learned over the radio that the town of

Brockton was in search of a reported stolen motor vehicle driven by a suspect in an alleged

stabbing incident that had occurred in the late morning.

7.     Defendant Gambino, a police sergeant for the town of Abington was on duty and

in police uniform on patrol.

8.     After hearing the radio dispatch, Defendant Gambino crossed over into Brockton

in pursuit of the suspect. Somehow, Gambino found himself directly behind the vehicle and was

able to identify the suspect by name from that position through the vehicle's tinted rear windows.

9.     Defendant Gambino pursued the vehicle down N. Quincy Street in Brockton by

the Ames State Park, where the vehicle was driven down a dirt road into a marshy area and the

suspect ditched the vehicle.

10.     Defendant Gambino was present when the suspect exited the vehicle and fled.

11.     Defendant Gambino completed a radio transmission of the suspect, having been

close enough to provide a detailed description of the individual and his clothing. Gambino made no mention that the individual had anything in his hands, let alone an object so distinguishable as a long-barreled shotgun.

12.     Defendant Gambino lost sight of the suspect as he continued into Ames State Park.

13.     Defendant Gambino returned to his patrol vehicle and drove back down N. Quincy Street, proceeding to the Abington side of the Park on Lady Slipper Lane.

14.     Upon his approach, Gambino learned that the suspect had been spotted in the woods behind a house on Lady Slipper Lane.

15.     Defendant Gambino raced to the location, exited his vehicle, and ran up the driveway, past the house, through the backyard, and directly into the path of three officers who had their firearms trained on the suspect.

16.     Without stopping, Defendant Gambino yelled that he had a Taser, and discharged the device in the general direction of the individual at whom the other three officers were shouting to "get on the ground." Video of the scene immediately before the shooting reveals that the officers' commands to Mr. Giannini were to get on the ground.

17.     The three officers were positioned in a line, facing the individual, and Gambino ran in front of and to the right of the officer positioned in the middle, who was directly in front of the individual identified as Alfred Giannini. As Mr. Giannini is facing the officer, Defendant Gambino is to Giannini's left.

18.     Following Defendant Gambino's discharge of his Taser, Mr. Giannini took a step away from the officers and raised his hands in an attempt to surrender himself to their authority.

19.     Within seconds of discharging his Taser, Defendant Gambino immediately shot

- 3 -

his department issued firearm at Mr. Giannini's person, striking Mr. Giannini in the far right side of his chest, nearing the side of his body underneath his armpit.

20. Throughout the confrontation Mr. Giannini explicitly stated that he was *not* armed, that he did *not* have a weapon.

21. Throughout the numerous descriptions of the suspect over the radio throughout the day, not a single eyewitness identified the individual to be carrying anything resembling a long gun. Giannini had lost his shoes and mostly all of his clothes during the pursuit; at the time of shooting he was clothed with only a ripped-up pair of shorts.

22. After Defendant Gambino shot Mr. Giannini in the chest, Giannini fell to the ground and Defendant Gambino immediately secured him in handcuffs. Near Mr. Giannini's body, Defendant Gambino did not find a gun, a weapon or contraband. Defendant Gambino did point to a stick that he claimed to be the supposed long gun that he alleged Mr. Giannini was holding when Gambino shot him.

23. At the time that Defendant Gambino discharged his firearm and shot Mr. Giannini, it was a bright, sunny summer day with no rain and few if any clouds in the sky. In his post-shooting interview on August 27, 2013, Defendant Gambino suggests that the wind may have been causing shifting sunray patterns where the shooting occurred.

24. Defendant Gambino filed a police report containing several false statements in an effort to justify his action in running into the middle of a containment standoff with his weapons out and shooting without hesitation before any reasonable effort of assessment. These statements include claims that Mr. Giannini shouted that he was armed and advanced towards the officers and otherwise resisted Defendant Gambino's efforts to talk to him, despite that Gambino was only on scene for a matter of seconds before shooting; that he had known Mr. Giannini to have

an extensive criminal history involving firearms, despite that he had reviewed Mr. Giannini's criminal record information, which shows this statement to be false. Additionally, Defendant Gambino belatedly charged Mr. Giannini with assault and battery on a police officer.

25.    Defendant Gambino has a known history of reckless discharge of his department issued firearm, abuse of authority, excessive and unrestrained force, and alchohol use while on duty.

26.    Plaintiff made proper presentment pursuant to M.G.L. Ch. 258 § 4 and his Complaint is timely filed.

## COUNT I
### *42 U.S.C. § 1983 Excessive Use of Force under the Fourth and Fourteenth Amendments*
### (GAMBINO)

27.    The above paragraphs are incorporated by reference.

28.    Defendant Gambino, acting under of color of law, violated Plaintiff's right to be free from unreasonable seizures as provided by the Fourth and Fourteenth Amendments to the United States Constitution by subjecting Plaintiff to unreasonable and excessive force at the time of his arrest.

29.    Defendant Gambino acted with reckless disregard for Plaintiff's constitutional rights.

30.    As a direct and proximate result of Defendant's actions, Plaintiff suffered the injuries described above.

## COUNT II
### *Negligence pursuant to M.G.L. c. 258 §4*
### (TOWN OF ABINGTON)

31.    The above paragraphs are incorporated by reference.

32.    Defendant Town of Abington negligently hired and retained Defendant Gambino

to serve as an officer in its police force despite his history of misconduct, abuse of authority, inappropriate use of a firearm on duty and alcohol use on duty.

33.     At the time of these negligent acts, Defendant Gambino was a public employee of the Town of Abington and acting within the scope of his employment.

34.     As a direct and proximate result of Defendant's negligence, Plaintiff suffered the injuries described above.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Court award him:

(1)     Compensatory damages;

(2)     Punitive damages against Defendant Gambino;

(3)     Costs of this action including reasonable attorney's fees; and

(4)     Other such other further relief as this court deems appropriate and necessary.

## JURY DEMAND

A trial by jury is hereby demanded.

RESPECTFULLY SUBMITTED,
For the Plaintiff,
By his attorneys,

Robert M. Griffin, BBO No. 553893
rgriffin@dharlawllp.com

DHAR LAW llp

The Charlestown Navy Yard
One Constitution Center, Suite 300
Charlestown, Massachusetts 02129
Office: 617.880.6155
Fax: 617.880.6160

- 7 -

Vikas S. Dhar, BBO No. 657539
vikas@dharlawllp.com