DOUGLAS I. LOUISON *
PATRICK J. COSTELLO
DAVID E. CONDON
BRADFORD N. LOUISON * *
STEPHEN C. PFAFF
REGINA M. RYAN
KATHLEEN E. CONNOLLY

TELEPHONE: (617) 439-0305
FACSIMILE: (617) 439-0325
www.lccplaw.com

JOSEPH A. PADOLSKY
ALEXANDRA R. HASSELL

*ALSO ADMITTED IN MAINE
**ALSO ADMITTED IN RHODE ISLAND

December 12, 2016

Civil Clerk's Office
United States District Court
One Courthouse Way
Boston, MA 02210

**Re:**   **Alfred Giannini, Jr. v. Town of Abington, et al**
       **Plymouth Superior Court Docket No. 16CV00812**
       **United States District Court Docket No. 16-12387-DJC**

Dear Sir/Madam:

Pursuant to Local Rule 81.1 of the United States District Court, enclosed please find the certified or attested copies of all records and proceedings previously filed in state court.

If you have any questions, please feel free to contact me.   Thank you for your attention to this matter.

Very truly yours,

Stephen C. Pfaff

Stephen C. Pfaff

SCP/lsc
Enclosures

cc:   Robert M. Griffin, Esq.
      Vikas S. Dhar, Esq.



# COMMONWEALTH OF MASSACHUSETTS
## PLYMOUTH COUNTY
### Docket Report

## 1683CV00812
### Giannini, Jr., Alfred vs. Town of Abington et al

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Actions Involving the State/Municipality | **FILE DATE:** | 08/19/2016 |
| **ACTION CODE:** | AB1 | **CASE TRACK:** | A - Average |
| **DESCRIPTION:** | Tortious Action involving the Commonwealth, Municipality, MBTA, etc. | | |
| **CASE DISPOSITION DATE** | | **CASE STATUS :** | Open |
| **CASE DISPOSITION:** | Pending | **STATUS DATE :** | 08/19/2016 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil / Criminal |

## LINKED CASE

## DCM TRACK

| Tickler Description | Due Date | Completion Date |
|---|---|---|
| Service | 11/17/2016 | |
| Rule 12/19/20 Served By | 12/17/2016 | |
| Answer | 12/19/2016 | |
| Rule 12/19/20 Filed By | 01/16/2017 | |
| Rule 12/19/20 Heard By | 02/15/2017 | |
| Rule 15 Served By | 10/13/2017 | |
| Rule 15 Heard By | 11/13/2017 | |
| Rule 15 Filed By | 11/13/2017 | |
| Discovery | 08/09/2018 | |
| Rule 56 Served By | 09/10/2018 | |
| Rule 56 Filed By | 10/08/2018 | |
| Final Pre-Trial Conference | 02/05/2019 | |
| Judgment | 08/19/2019 | |

## PARTIES

| | | |
|---|---|---|
| **Plaintiff**<br>Giannini, Jr., Alfred | **Private Counsel**<br>Robert Michael Griffin<br>Dhar Law LLP<br>Dhar Law LLP<br>One Constitution Center<br>Suite 300<br>Charlestown, MA 02129<br>Work Phone (617) 880-6155<br>Added Date: 08/19/2016 | **553893** |



**COMMONWEALTH OF MASSACHUSETTS**
**PLYMOUTH COUNTY**
**Docket Report**

| Defendant | Private Counsel | 553057 |
|---|---|---|
| Gambino, individually,  Richard | Stephen C Pfaff<br>Louison, Costello, Condon & Pfaff, LLP<br>Louison, Costello, Condon & Pfaff, LLP<br>101 Summer Street<br>Fourth Floor<br>Boston, MA 02110<br>Work Phone (617) 439-0305<br>Added Date: 12/05/2016 | |
| Defendant<br>Town of Abington | Private Counsel<br>Stephen C Pfaff<br>Louison, Costello, Condon & Pfaff, LLP<br>Louison, Costello, Condon & Pfaff, LLP<br>101 Summer Street<br>Fourth Floor<br>Boston, MA 02110<br>Work Phone (617) 439-0305<br>Added Date: 12/05/2016 | 553057 |

## PARTY CHARGES

| # | Offense Date/ Charge | Code | Town | Disposition | Disposition Date |
|---|---|---|---|---|---|
| | | | | | |

## EVENTS

| Date | Session | Event | Result | Resulting Judge |
|---|---|---|---|---|
| | | | | |

## FINANCIAL DETAILS

| Date | Fees/Fines/Costs | Assessed | Paid | Dismissed | Balance |
|---|---|---|---|---|---|
| 08/19/2016 | Civil Filing Fee (per Plaintiff)<br>Receipt: 4171 Date: 08/19/2016 | 240.00 | 240.00 | 0.00 | 0.00 |
| 08/19/2016 | Civil Security Fee (G.L. c. 262, § 4A)<br>Receipt: 4171 Date: 08/19/2016 | 20.00 | 20.00 | 0.00 | 0.00 |
| 08/19/2016 | Civil Surcharge (G.L. c. 262, § 4C)<br>Receipt: 4171 Date: 08/19/2016 | 15.00 | 15.00 | 0.00 | 0.00 |
| 08/19/2016 | Fee for Blank Summons or Writ (except Writ of Habeas Corpus) MGL 262 sec 4b Receipt: 4171 Date: 08/19/2016 | 10.00 | 10.00 | 0.00 | 0.00 |
| | **Total** | **285.00** | **285.00** | **0.00** | **0.00** |

| Deposit Account(s) Summary | | Received | Applied | Checks Paid | Balance |
|---|---|---|---|---|---|
| | **Total** | | | | |



# COMMONWEALTH OF MASSACHUSETTS
## PLYMOUTH COUNTY
### Docket Report

| INFORMATIONAL DOCKET ENTRIES | | | |
|---|---|---|---|
| Date | Ref | Description | Judge |
| 08/19/2016 | | Attorney appearance<br>On this date Robert Michael Griffin, Esq. added as Private Counsel for Plaintiff Alfred Giannini, Jr. | |
| 08/19/2016 | | Case assigned to:<br>DCM Track A - Average was added on 08/19/2016 | |
| 08/19/2016 | 1 | Original civil complaint filed. | |
| 08/19/2016 | 2 | Civil action cover sheet filed. | |
| 08/19/2016 | | Demand for jury trial entered. | |
| 11/16/2016 | 3 | Service Returned for<br>Defendant Town of Abington : Service made in hand; | |
| 11/16/2016 | 4 | Service Returned for<br>Defendant Gambino, individually, Richard: Service made in hand; | |
| 12/02/2016 | 5 | Notice of Removal to the United States District Court filed by<br><br>Applies To: Town of Abington  (Defendant) | |
| 12/05/2016 | | Attorney appearance<br>On this date Stephen C Pfaff, Esq. added as Private Counsel for Defendant Richard Gambino, individually | |
| 12/05/2016 | | Attorney appearance<br>On this date Stephen C Pfaff, Esq. added as Private Counsel for Defendant Town of Abington | |

A TRUE COPY ATTEST

Clerk of Courts



5

12-2-16

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16 cv 0812

ALFRED GIANNINI, JR.,

    **Plaintiff**

v.

TOWN OF ABINGTON,
RICHARD GAMBINO in his individual capacity,

    **Defendants**



FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT

DEC - 2 2016

_Clerk of Court_

## NOTICE OF REMOVAL

To:    **United States District Court**
        **District of Massachusetts**

    The petition of the defendants asserts:

1.    On or about November 15, 2016, plaintiff commenced a civil action against the defendants

in the Superior Court of the Commonwealth of Massachusetts, County of Plymouth, entitled

**Alfred Giannini, Jr. v. Town of Abington, Richard Gambino in his individual capacity,**

**Plymouth Superior Court Docket No. 16CV00812.** A copy of the Complaint, and the Summons

served on the defendants is attached hereto.

2.    The above-described action is a civil action of which this Court has original jurisdiction

under the provisions of 42 U.S.C. Section 1983, and is one which may be removed to this Court by

the defendants pursuant to the provisions of 28 U.S.C. Section 1441.   This is an action alleging

claims including those arising out of the Constitution of the United States.   The defendants file

this Notice of Removal within thirty (30) days of receipt of plaintiff's Complaint and service of

1

Summons upon them pursuant to 28 U.S.C. Section 1446(b).

3.    Written notice of the filing of this Notice shall be promptly served upon the plaintiff and filed with the Clerk of the Plymouth County Superior Court pursuant to 28 U.S.C. Section 1446(d).

4.    Pursuant to Local Rule 81.1 of the United States District Court for the District of Massachusetts, the defendants shall file certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries in the state court with this Court.

WHEREFORE, petitioners respectfully pray that the action now pending against them in the Superior Court of the Commonwealth of Massachusetts in and for the County of Plymouth, be removed to the United States District Court for the District of Massachusetts.

Signed and sworn to under the penalties of perjury this 23rd day of November, 2016.

Defendants,
By their attorney,

/s/Stephen C. Pfaff

Stephen C. Pfaff (BBO# 553057)
Louison, Costello, Condon & Pfaff, LLP
101 Summer Street
Boston, MA 02110
Spfaff@lccplaw.com
(617) 439-0305

2

## CERTIFICATE OF SERVICE

I, Stephen C. Pfaff, hereby certify that on the 23rd day of November, 2016, I served the foregoing by causing a copy to be directed to:

Robert M. Griffin, Esq.
Vikas S. Dhar, Esq.
DHARLAW
The Charlestown Navy Yard
One Constitution Center, Suite 300
Charlestown, MA 02129

/s/Stephen C. Pfaff

Stephen C. Pfaff

A TRUE COPY ATTEST

Clerk of Courts

I hereby certify on / 1-23-16 that the
foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☑ electronically filed original filed on / 23-16
☐ original filed in my office on ___
Robert M. Farrell
Clerk, U.S. District Court
District of Massachusetts

By: ___
Deputy Clerk

3

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

TRIAL COURT DEPT.
SUPERIOR COURT

DOCKET NO. 1083CV00812

---

ALFRED GIANNINI, JR.,
     PLAINTIFF,

v.

TOWN OF ABINGTON;
RICHARD GAMBINO in his individual capacity,
     DEFENDANTS.

**COMPLAINT**
~~AND DEMAND~~

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

AUG 1 9 2016

Clerk of Court

### INTRODUCTION

1.    This is a civil rights action against Abington Police Officer Richard Gambino for using unreasonable and excessive force when he shot an unarmed suspect in the chest from close range following a police pursuit. Mr. Giannini was put into a medically-induced coma following the shooting and spent weeks inpatient at the hospital recovering from his injuries, including the partial loss of his right lung. In addition to his physical injuries, the unreasonable force caused Plaintiff severe emotional distress.

### JURISDICTION AND VENUE

2.    This action arises, in part, under the Massachusetts Tort Claims Act, M.G.L. c. 258; Massachusetts Common Law; the Fourth and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. §1983. Jurisdiction and venue in the Superior Court of Plymouth County are proper pursuant to M.G. L. c. 258 §3.

## PARTIES

3.     Plaintiff **ALFRED GIANNINI** is a citizen of the United States and is presently an incarcerated at Souza-Baronowski Correctional Center in Shirley, Massachusetts.

4.     Defendant **TOWN OF ABINGTON** is a Massachusetts municipality located in Plymouth County and was, at all times relevant to this complaint, the public employer of Defendants Gambino and Cutter.

5.     Defendant **RICHARD GAMBINO** was at all times relevant to this complaint a police officer with the rank of sergeant in the Town of Abington Police Department. He is sued in his individual capacity.

## FACTS

6.     On August 21, 2013, Defendant Gambino learned over the radio that the town of Brockton was in search of a reported stolen motor vehicle driven by a suspect in an alleged stabbing incident that had occurred in the late morning.

7.     Defendant Gambino, a police sergeant for the town of Abington was on duty and in police uniform on patrol.

8.     After hearing the radio dispatch, Defendant Gambino crossed over into Brockton in pursuit of the suspect. Somehow, Gambino found himself directly behind the vehicle and was able to identify the suspect by name from that position through the vehicle's tinted rear windows.

9.     Defendant Gambino pursued the vehicle down N. Quincy Street in Brockton by the Ames State Park, where the vehicle was driven down a dirt road into a marshy area and the suspect ditched the vehicle.

10.     Defendant Gambino was present when the suspect exited the vehicle and fled.

11.     Defendant Gambino completed a radio transmission of the suspect, having been

close enough to provide a detailed description of the individual and his clothing. Gambino made no mention that the individual had anything in his hands, let alone an object so distinguishable as a long-barreled shotgun.

12. Defendant Gambino lost sight of the suspect as he continued into Ames State Park.

13. Defendant Gambino returned to his patrol vehicle and drove back down N. Quincy Street, proceeding to the Abington side of the Park on Lady Slipper Lane.

14. Upon his approach, Gambino learned that the suspect had been spotted in the woods behind a house on Lady Slipper Lane.

15. Defendant Gambino raced to the location, exited his vehicle, and ran up the driveway, past the house, through the backyard, and directly into the path of three officers who had their firearms trained on the suspect.

16. Without stopping, Defendant Gambino yelled that he had a Taser, and discharged the device in the general direction of the individual at whom the other three officers were shouting to "get on the ground." Video of the scene immediately before the shooting reveals that the officers' commands to Mr. Giannini were to get on the ground.

17. The three officers were positioned in a line, facing the individual, and Gambino ran in front of and to the right of the officer positioned in the middle, who was directly in front of the individual identified as Alfred Giannini. As Mr. Giannini is facing the officer, Defendant Gambino is to Giannini's left.

18. Following Defendant Gambino's discharge of his Taser, Mr. Giannini took a step away from the officers and raised his hands in an attempt to surrender himself to their authority.

19. Within seconds of discharging his Taser, Defendant Gambino immediately shot

- 3 -

his department issued firearm at Mr. Giannini's person, striking Mr. Giannini in the far right side of his chest, nearing the side of his body underneath his armpit.

20. Throughout the confrontation Mr. Giannini explicitly stated that he was *not* armed, that he did *not* have a weapon.

21. Throughout the numerous descriptions of the suspect over the radio throughout the day, not a single eyewitness identified the individual to be carrying anything resembling a long gun. Giannini had lost his shoes and mostly all of his clothes during the pursuit; at the time of shooting he was clothed with only a ripped-up pair of shorts.

22. After Defendant Gambino shot Mr. Giannini in the chest, Giannini fell to the ground and Defendant Gambino immediately secured him in handcuffs. Near Mr. Giannini's body, Defendant Gambino did not find a gun, a weapon or contraband. Defendant Gambino did point to a stick that he claimed to be the supposed long gun that he alleged Mr. Giannini was holding when Gambino shot him.

23. At the time that Defendant Gambino discharged his firearm and shot Mr. Giannini, it was a bright, sunny summer day with no rain and few if any clouds in the sky. In his post-shooting interview on August 27, 2013, Defendant Gambino suggests that the wind may have been causing shifting sunray patterns where the shooting occurred.

24. Defendant Gambino filed a police report containing several false statements in an effort to justify his action in running into the middle of a containment standoff with his weapons out and shooting without hesitation before any reasonable effort of assessment. These statements include claims that Mr. Giannini shouted that he was armed and advanced towards the officers and otherwise resisted Defendant Gambino's efforts to talk to him, despite that Gambino was only on scene for a matter of seconds before shooting; that he had known Mr. Giannini to have

an extensive criminal history involving firearms, despite that he had reviewed Mr. Giannini's criminal record information, which shows this statement to be false. Additionally, Defendant Gambino belatedly charged Mr. Giannini with assault and battery on a police officer.

25.     Defendant Gambino has a known history of reckless discharge of his department issued firearm, abuse of authority, excessive and unrestrained force, and alcohol use on the job. (This is true, but it's your call whether you want to include it. Theres nothing indicating that he was drinking that day, and the court may not look too kindly on the fact that the alcohol reference could have no suitable purpose but to disparage the officer).

26.     Plaintiff made proper presentment pursuant to M.G.L. Ch. 258 § 4 and his Complaint is timely filed.

### COUNT I
*42 U.S.C. § 1983 Excessive Use of Force under the Fourth and Fourteenth Amendments*
**(GAMBINO)**

27.     The above paragraphs are incorporated by reference.

28.     Defendant Gambino, acting under of color of law, violated Plaintiff's right to be free from unreasonable seizures as provided by the Fourth and Fourteenth Amendments to the United States Constitution by subjecting Plaintiff to unreasonable and excessive force at the time of his arrest.

29.     Defendant Gambino acted with reckless disregard for Plaintiff's constitutional rights.

30.     As a direct and proximate result of Defendant's actions, Plaintiff suffered the injuries described above.

### COUNT II
*Negligence pursuant to M.G.L. c. 258 §4*
**(TOWN OF ABINGTON)**

31.     The above paragraphs are incorporated by reference.

32.     Defendant Town of Abington negligently hired and retained Defendant Gambino to serve as an officer in its police force despite his history of misconduct, abuse of authority, inappropriate use of a firearm on duty and alcohol use on duty.

33.     At the time of these negligent acts, Defendant Gambino was a public employee of the Town of Abington and acting within the scope of his employment.

34.     As a direct and proximate result of Defendant's negligence, Plaintiff suffered the injuries described above.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Court award him:

(1)     Compensatory damages;

(2)     Punitive damages against Defendant Gambino;

(3)     Costs of this action including reasonable attorney's fees; and

(4)     Other such other further relief as this court deems appropriate and necessary.

## JURY DEMAND

A trial by jury is hereby demanded.

RESPECTFULLY SUBMITTED,
For the Plaintiff,
By his attorneys,

Robert M. Griffin, BBO No. 553893
rgriffin@dharlawllp.com

**DHARLAW** llp

The Charlestown Navy Yard
One Constitution Center, Suite 300
Charlestown, Massachusetts 02129
Office: 617.880.6155
Fax: 617.880.6160

A TRUE COPY ATTEST
Clerk of Courts

- 6 -



Vikas S. Dhar, BBO No. 657539
vikas@dharlawllp.com

A TRUE COPY ATTEST

Clerk of Courts

- 7 -





2

# CIVIL ACTION COVER SHEET

**DOCKET NUMBER** 1683CV00812

# Trial Court of Massachusetts
# The Superior Court

**PLAINTIFF(S):** Alfred Giovini JR.

**ADDRESS:** MCJ Sousa Baronowski St
Shirley, MA

**COUNTY**

**DEFENDANT(S):** Town of Abington
Richard Gambino
500 Biview ice app

**ATTORNEY:** Robert M Griffin

**ADDRESS:** 1 Constitution Ctr Suite 300
Charlestown Ma 02129

**ADDRESS:** Abington Ma 02351

**BBO:** 553893

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

**CODE NO.** AB1

**TYPE OF ACTION (specify)** 42 USC s 1983

**TRACK**

**HAS A JURY CLAIM BEEN MADE?** ☒ YES  ☐ NO

*If "Other" please describe: Negligence Mgh28F s4

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................ $ 50,000
2. Total doctor expenses .............................................................. $ 10,000
3. Total chiropractic expenses ...................................................... $
4. Total physical therapy expenses ............................................... $
5. Total other expenses (describe below) ...................................... $ 10,000
   Subtotal (A): $

B. Documented lost wages and compensation to date ...................... $
C. Documented property damages to dated .................................... $
D. Reasonably anticipated future medical and hospital expenses ....... $
E. Reasonably anticipated lost wages ............................................ $
F. Other documented items of damages (describe below) ................. $

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

AUG 19 2016

Clerk of Court

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Gunshot wound to the chest required
hospitalization and surgery

TOTAL (A-F): $

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

**Signature of Attorney/Pro Se Plaintiff:** X

**Date:**

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

A TRUE COPY ATTEST

Clerk of Courts

**Signature of Attorney of Record:** X    **Date** 8/19/16

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA, etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (F) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c.231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/ Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical / Wrongful Death | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death, G.L. c.229 §2A | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10 §28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c.249 §4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G. L. c. 93 §9 | (A) |
| E07 Mass Antitrust Act, G. L. c. 93 §8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149 §§29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12 §11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123 §9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c265 §56 | (X) |
| E95 Forfeiture, G.L. c.94C §47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231 §60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A §12 | (X) |
| E14 SDP Petition, G.L. c. 123A §9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c.6 §178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112 §12S | (X) |

TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | _F_ | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or pro se party.

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 1683CV00812 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Alfred Giannini, Jr. vs. Town of Abington et al | Robert S. Creedon, Jr., Clerk of Courts |
|---|---|
| TO: File Copy , | COURT NAME & ADDRESS Plymouth County Superior Court - Brockton 72 Belmont Street Brockton, MA 02301 |

## TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                          DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 11/17/2016 | |
| Response to the complaint filed (also see MRCP 12) | | 12/19/2016 | |
| All motions under MRCP 12, 19, and 20 | 12/17/2016 | 01/16/2017 | 02/15/2017 |
| All motions under MRCP 15 | 10/13/2017 | 11/13/2017 | 11/13/2017 |
| All discovery requests **and depositions** served and non-expert despositions completed | 08/09/2018 | | |
| All motions under MRCP 56 | 09/10/2018 | 10/08/2018 | |
| Final pre-trial conference held and/or firm trial date set | | | 02/05/2019 |
| Case shall be resolved and judgment shall issue by | | | 08/19/2019 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED 08/19/2016 | ASSISTANT CLERK David M Biggs | PHONE |
|---|---|---|

Date/Time Printed: 08-19-2016 12:51:50

SCV026\ 11/2014

*11-15-16*

*3*

# Commonwealth of Massachusetts

PLYMOUTH, ss.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. *16PLCV 00082*

*Alfred G'Apron*
_____  _____, PLAINTIFF(S),

v.

*Town of Abington*, DEFENDANT(S)

SUMMONS

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

NOV 1 5 2016

*Carol*
Clerk of Court

THIS SUMMONS IS DIRECTED TO *The Town of Abington, Mass.* (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the *Plymouth Superior* Court. YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

1. You must respond to this lawsuit in writing within 20 days. If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. How to Respond. To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
a. Filing your signed original response with the Clerk's Office for Civil Business, Plymouth Superior Court, 72 Belmont Street, Brockton, MA 02301, by mail or in person, AND
b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: *Dhar Law LLP One Constitution Ctr Charlestown Ma. 02129*.

3. What to include in your response. An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov/courts/case-legal-res/rules of court.

A TRUE COPY ATTEST
*Carol*
Clerk of Courts

4. Legal Assistance. You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. Required information on all filings: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____ 20___

_____
Clerk of Courts

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on *TUESDAY NOV 15* 20 *16* I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

*IN HAND SERVICE TO BOARD OF SELECTMANS*
*OFFICE AT TOWN MANAGER TO NANCY AT*
*12:00 PM*

Dated: *11/15/16* _____, 20___        Signature: _____

N.B. TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

*DATE OF SERVICE*
*11/15/16 @ 12:00 PM*

11-15-16                                                                                    4

# Commonwealth of Massachusetts

PLYMOUTH, ss.                                    TRIAL COURT OF THE COMMONWEALTH
                                                 SUPERIOR COURT DEPARTMENT
                                                 CIVIL DOCKET NO. *16CU0081 2*

_Alfred Giannini_, PLAINTIFF(S),

                                                 FILED
                                                 COMMONWEALTH OF MASSACHUSETTS
                                                 SUPERIOR COURT DEPT. OF THE TRIAL COURT
                                                 PLYMOUTH COUNTY

v. _Richard Gambino_, DEFENDANT(S)               **NOV 1 5 2016**

                                                 _____
                                                 Clerk of Court
                      SUMMONS

THIS SUMMONS IS DIRECTED TO _Richard Gambino_ (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the
Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been
filed in the _Plymouth Superior_ Court. YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

1. You must respond to this lawsuit in writing within 20 days. If you do not respond, the court may
decide the case against you and award the Plaintiff everything asked for in the complaint. You will also
lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if
you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request
an extension of time in writing from the Court.

2. How to Respond. To respond to this lawsuit, you must file a written response with the court and mail
a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

a. Filing your signed original response with the Clerk's Office for Civil Business, Plymouth Superior
Court, 72 Belmont Street, Brockton, MA 02301, by mail or in person, AND

b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following
address: _Dhar Law LLP One Constitution Center Charlestown Massachusetts_

3. What to include in your response. An "Answer" is one type of response to a Complaint. Your Answer
must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.
Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right
to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are
based on the same facts or transaction described in the Complaint, then you must include those claims
in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this
lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your
Answer or in a written demand for a jury trial that you must send to the other side and file with the
court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a
"Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion
to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If
you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions"
described in the rules of the Court in which the complaint was filed, available at
www.mass.gov.courts/case-legal-res/rules of court.

                                                            A TRUE COPY ATTEST

                                                            _____
                                                            Clerk of Courts

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____ 20_____

_____
Clerk of Courts

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _Tuesday Nov 15th_, 20_16_, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_IN HAND SERVICE TO WIFE HALEY,_
_AT RICHARD COMMINGS HOME AT_
_855 TEMPLE ST UNIT 6L WITH THEM AKA_
_AT 12:15 PM._

Dated: _11/15/_ 20_16_          Signature: _____

**N.B. TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

_Date of Service_
_11/15/16 @ 12:15 PM_