UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-12387-DJC

ALFRED GIANNINI, JR.,

    Plaintiff

v.

TOWN OF ABINGTON,
RICHARD GAMBINO in his individual capacity,

    Defendants

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO MASS.R.CIV.P. 56(c)

### I.    INTRODUCTION

This is an action brought by the Plaintiff for events surrounding his being shot by Defendant Gambino on or about August 21, 2013.

Specifically, the Plaintiff alleges that Gambino is liable to the Plaintiff for excessive force pursuant to 42 U.S.C. § 1983 (Count I), and that the Town of Abington is liable to the Plaintiff on a negligence count pursuant to M.G.L. c. 258 (Count II).

For the reasons expressed below, the negligence claim against the Town of Abington should be dismissed.

### II.    STANDARD OF REVIEW

Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. See *Cassesso v. Commissioner of Correction*, 390 Mass. 419, 422, 456 N.E.2d 1123 (1983); Mass.R.Civ.P. 56(c). In ruling on a motion for summary judgment, "a judge . . . must consider 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,'

in determining whether summary judgment is appropriate." *Flesner v. Technical Communications Corp.*, 410 Mass. 805, 808, 575 N.E.2d 1107 (1991), quoting Mass.R.Civ.P. 56(c) (other citations omitted). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. See *Pederson v. Time, Inc.,* 404 Mass. 14, 16-17, 532 N.E.2d 1211 (1989).

The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party's case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. See *Kourouvacilis v. General Motors Corp.*, 410 Mass. 706, 716, 575 N.E.2d 734 (1991). Courts must read the summary judgment material in a light most favorable to the non-moving party. See *Blare v. Husky Injection Molding Systems Boston Inc.*, 419 Mass. 437, 438, 646 N.E.2d 111 (1995). Because the ultimate question is the employer's state of mind, however, requiring a finding dependent on circumstantial evidence is usually disfavored. *Id.* at 439. The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. See *LaLonde v. Eisner*, 405 Mass. 207, 209 (1989).

### III.  STATEMENT OF THE FACTS

Defendants have filed a separate "Statement of the Facts" with this Memorandum.

### IV.  ARGUMENT

**Defendant Town of Abington Should Be Dismissed Because the Plaintiff Failed to Make Proper Presentment Pursuant to M.G.L. c. 258, § 4.**

Pursuant to M.G.L. c. 258, § 4, a Plaintiff making a claim for negligence must, prior to instituting a civil complaint against a public employer on a claim for damages, presents his claim in writing to the appropriate executive officer of the public employer.  *Rodriguez v. City of*

*Somerville*, 472 Mass. 1008 (2015).   Presentment is a condition precedent to maintaining a claim under M.G.L. c. 258, § 4 and summary judgment is appropriate when the Plaintiff has not made proper presentment.   See *Alex v. Boston Water & Sewer Commission*, 45 Mass. App. Ct. 914 (1998).

The purpose of the presentment requirement is to:

> Ensure that the responsible public official receives notice of the claim so that the official can investigate to determine whether or not a claim is valid, preclude payment of inflated or non-meritorious claims, settle valid claims expeditiously and take steps to ensure that similar claims will not be brought in the future.

*Gilmore v. Commonwealth of Massachusetts*, 417 Mass. 718 (1994) quoting *Lodge v. District Attorney for the Suffolk District*, 21 Mass. App. Ct. 277, 283 (1985).

M.G.L. c. 258, § 4 requires that the presentment letter be made within two years after the incident.   *Whiteman v. Methuen*, 26 Mass. App. Ct. 279, 281 (1988).

> Disputes over the adequacy of a presentment letter usually arise in one of three contexts: (1) whether notice of a claim was timely; (2) whether the claim was presented to the proper official; and (3) whether the presentment adequately identified the nature of the claim and the legal basis on which liability is alleged. *Koran v. Weaver*, 482 F.Sup.2d 165, 169 (D.Mass. 2007). In the first two contexts, strict compliance with G.L.c. 258, §4 is required. See, e.g., *Weaver v. Commonwealth*, 387 Mass. 43, 47, 438 N.E.2d 831 (1982).

Here, Plaintiff's presentment letter pursuant to M.G.L. c. 258, § 4 was not received by the Town of Abington until August 24, 2015 (Joint Appendix Exhibit 2).   Plaintiff cannot cite any provisions that would have tolled the two-year presentment requirement.   Because the incident that forms the basis for the Plaintiff's claim occurred on August 21, 2013, Plaintiff's presentment letter would have been due to the Executive Officer of the Town of Abington on Tuesday, August

21, 2015. Because the presentment letter was not received until Friday, August 24, 2015, it is therefore not in compliance with the two-year presentment requirement under M.G.L. c. 258, § 4.

Accordingly, Defendants move that the negligence claim against the Town of Abington be dismissed.

## V. CONCLUSION

For the reason expressed above, the Town of Abington requests that they be granted summary judgment on the negligence claim pursuant to M.G.L. c. 258, § 4 as there are no disputed material facts and they are entitled to judgment as a matter of law.

> Defendants,
> By their attorney,
>
> /s/*Stephen C. Pfaff*
>
> Stephen C. Pfaff (BBO# 553057)
> Louison, Costello, Condon & Pfaff, LLP
> 101 Summer Street
> Boston, MA 02110
> Spfaff@lccplaw.com
> (617) 439-0305

### CERTIFICATE OF SERVICE

I, Stephen C. Pfaff, hereby certify that on the 11th day of April, 2017, I served the foregoing by causing a copy to be directed to:

> Robert M. Griffin, Esq.
> Vikas S. Dhar, Esq.
> DHARLAW
> The Charlestown Navy Yard
> One Constitution Center, Suite 300
> Charlestown, MA 02129

> /s/*Stephen C. Pfaff*
>
> Stephen C. Pfaff

4